UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------X

UMOE SCHAT HARDING, INC. and   :
UMOE SCHAT HARDING AS           :

                             :

        Plaintiffs,           :

                             :     10 Civ. 03772 (WJM)(MF)

     v.                  :

                             :     **MOTION DAY: 9/20/2010**

NEW YORK MARINE AND GENERAL :     Oral Argument Requested
INSURANCE COMPANY and       :
PATRICIA LANE SCHMALTZ      :

                             :

        Defendants.       :
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## <u>TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY THIS ACTION</u>

BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
114 Maple Avenue
Red Bank, New Jersey 07701
732-530-4646

# <u>TABLE OF CONTENTS</u>

Page

Table of Authorities  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

Preliminary Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The Basic Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

Venue is Improper in this District and this Action
Should be Dismissed  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II

Venue is Inconvenient in this District and this Action Should,
in the Alternative, be Transferred to the Southern District
of New York  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT III

In the Alternative, this Action Should Be Stayed
Pending Decision on Plaintiffs' Motion in the Southern
District of New York  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                        <u>Page</u>

<u>Brooke Group Ltd. V. JCH Syndicate 488 et al.</u>,
    87 N.Y.2d 530 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Chubb Custom Ins. Co. v. Prudential Ins. Co.</u>,
    195 N.J. 231 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Cottman Transportation Systems v. Martino</u>,
    36 F.3d 291 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Ford Motor Credit Corp. V. Chiorazzo</u>,
    529 F. Supp.2d 535 (D.N.J. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Hoffer v. Infospace.com, Inc.</u>,
    102 F.Supp.2d 556 (D.N.J. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>In re Consolidated Parlodel Litigation</u>,
    22 F. Supp.2d 320(D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Jumara v. State Farm Ins. Co.</u>,
    55 F.3d 873, 879 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

<u>Koster v. (American) Lumbermens Mutual Casualty Co.</u>,
    330 U.S. 518 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

 <u>Landis v. North America Co.</u>,
    299 U.S. 248 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Local 478 Trucking v. Jayne</u>,
    778 F. Supp. 1289 (D.N.J. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ii

<u>Peikin v. Kimmel & Silverman, P.C.</u>,
    576 F. Supp.2d 654 (D.N.J. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Tischio v. Bontex, Inc.</u>,
    16 F.Supp2d 511(D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

<u>Zurich Insurance Co. v. Shearson Lehman</u>,
    84 N.Y.2d 309 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>STATUTES</u>

28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 1406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT

Defendant New York Marine and General Insurance Company ("NYMAGIC"), by and through its attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss or, in the alternative, to Transfer, or in the alternative, to Stay this Action.

## THE BASIC FACTS

NYMAGIC is a New York insurance corporation with its principal place of business at 919 Third Avenue, New York, New York.  On May 12, 2004, NYMAGIC issued and executed in New York an Ocean Marine Policy MMO No. 26603ML503 (the "Policy") on certain terms and conditions.  The Policy to be effective was also counter-signed in New York on May 12th by NYMAGIC's agent, Mutual Marine Office, Inc. ("MMO"), a New York corporation with its principal place of business at 919 Third Avenue, New York, New York.  (Paul Smith Declaration ("Smith") at ¶ 2.)

On July 14, 2010, through a broker, the Plaintiffs herein notified MMO in New York for the first time of an occurrence and claims that they allege are

covered by the Policy.  (Smith at ¶ 3.)  The claims and lawsuits arose from an occurrence onboard the MV EMPRESS OF THE SEAS on September 7, 2004, while berthed at Hamilton, Bermuda.  A lifeboat manufactured and repaired by Plaintiffs suddenly dropped to the water from approximately 65 feet during a lifeboat drill.  Seven crewmembers were onboard at the time. Significant injuries requiring hospitalization resulted from the accident. Immediately following the incident, Plaintiffs were notified and undertook repairs of the lifeboat, including an allegedly defective piece of lifeboat equipment involved in the accident.  This piece of lifeboat equipment had previously been repaired by one of the Plaintiffs in a 2002 call onboard the MV EMPRESS OF THE SEAS.  (Smith at ¶ 5.)

The resulting New Jersey litigation involved personal injury claims by seaman Alexander Razo and his wife Cielo Razo against Plaintiffs and the owner and operator of the Vessel.  (See the allegations of the Complaint herein and the Kenyon Declaration ("Kenyon") at ¶ 2.)  Seaman Delroy Bennett also brought suit against Plaintiffs and the owner and operator of the Vessel. (See the allegations of the Complaint herein and Kenyon at ¶ 8.)  Plaintiffs and the

owner and operator of the Vessel asserted cross claims against each other for indemnity and/or contribution.  (See the allegations of the Complaint herein and Kenyon at ¶¶ 5, 9.)

On July 22, 2010, after reviewing the matter, and based on the terms and conditions of the Policy, MMO, as agent for NYMAGIC, decided to disclaim any liability and deny coverage for any claim, including all claims in the lawsuits, arising out of the September 7, 2004 occurrence.  MMO informed Plaintiffs via the broker of this decision.  (Smith at ¶ 6 and Exhibit D.)

Plaintiffs subsequently settled the New Jersey lawsuits and brought suit herein on July 23, 2010, to recover amounts in excess of the primary policy. (See the allegations of the Complaint herein.)  NYMAGIC on July 23, 2010, also brought suit in the Supreme Court of the State of New York, New York County seeking a declaration that it was not obligated to cover the claimed loss. (Kenyon at ¶ 11 and Exhibit P.)  The New York action has been removed to the Southern District of New York, with the Schat Harding defendants therein requesting a conference with Judge Pauley to have the case dismissed

or, in the alternative, transferred to New Jersey. (Kenyon at ¶ 11 and Exhibits Q and R.)

## POINT I

## VENUE IS IMPROPER IN THIS DISTRICT
## AND THIS ACTION SHOULD BE DISMISSED

Plaintiffs allege venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2), which provides that in diversity cases, suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  This statutory language "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.'"  <u>Cottman Transportation Systems v. Martino</u>, 36 F.3d 291, 294 (3d Cir. 1994).

"The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim' . . . .  Although the statute no longer requires a court to select

the "best" forum, *Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994)*, the weighing of "substantial" may at times seem to take on that flavor." Id.

"Venue would be proper in this District only if a substantial part of the events or omissions giving rise to the claims by [Plaintiffs] occurred in New Jersey." Tischio v. Bontex, Inc., 16 F.Supp2d 511, 516 (D.N.J. 1998). "In determining where a substantial part of the events or omissions giving rise to a claim arises for purposes of *Section 1391*, three factors are relevant: (1) the place of injury; (2) the 'weight of contacts'; and (3) whether a substantial part of the events or omissions giving rise to the claim occurred in the district." Id. See also Hoffer v. Infospace.com, Inc., 102 F.Supp.2d 556, 568 (D.N.J. 2000).

Plaintiffs' claim against NYMAGIC is for breach of contract. More specifically, Plaintiff alleges that NYMAGIC has breached an obligation to provide insurance cover for the settlement of the underlying claims in excess of the primary policy. It is clear that a "substantial" part of the events or omissions giving rise to this claim against NYMAGIC did not occur in New Jersey. The Policy in question was issued in New York by NYMAGIC and, to be effective, was counter-signed by MMO in New York. (Smith at ¶ 2.) The

July 14, 2010, first notice of claim under the Policy was delivered to MMO in New York. (Smith at ¶ 3.)  The decision to deny cover and liability under the Policy was made by MMO in New York. (Smith at ¶ 6.)  Any "injury" suffered by Plaintiffs as a result of the denial of cover did not occur in New Jersey, but in either Louisiana or Norway where they are located. (Kenyon at ¶ 4.)   The "weight of the contacts" clearly supports a New York venue, not New Jersey.

In terms of the underlying claims and claimants, and to the extent they are relevant to the coverage issue, there were no contacts with New Jersey aside from the lawsuits themselves.  The personal injury claims of Razo and Bennett arose from a lifeboat accident that occurred aboard a Bahamian flagged vessel owned by a Liberian corporation and operated by a corporation headquartered in Florida. (Smith at ¶ 5, Kenyon at ¶¶ 5-7.)   The accident did not occur in New Jersey, but in Hamilton, Bermuda.  (Smith at ¶ 5, Kenyon at ¶¶ 6-7 .)

None of the parties in the underlying lawsuits were residents of New Jersey.  Razo was a resident of the Philippines and Bennett was a resident of Jamaica. (Kenyon at ¶¶ 2, 8.)   UMOE Schat Harding, Inc. was and is a

Delaware corporation with a principal place of business in Louisiana. (Kenyon at ¶ 4 and the allegations of the Complaint in this action.)  UMOE Schat Harding AS was and is a Norwegian corporation. (Kenyon at ¶ 4 and the allegations of the Complaint in this action.)  The vessel owner, Nordic Empress Shipping, Inc., was a Liberian corporation and the vessel operator, Royal Caribbean Cruises Ltd., was based in Florida. (Kenyon at ¶¶ 5-6.)

UMOE Schat Harding AS' potential liability arose from the design and manufacture of a lifeboat and related equipment in Norway and a vessel call to inspect and repair the lifeboat in Puerto Rico in 2000. (Kenyon at ¶4.) UMOE Schat Harding Inc.'s potential liability also arose from design and manufacture issues and from an inspection and repair call on the lifeboat that took place in New York in 2002. (Kenyon at ¶ 4.)

The only contact with New Jersey was as the venue for the underlying litigation, which ended in settlement, not judgment.[1]  There is thus no New

_____

[1]     Plaintiffs also allege that the vessel, EMPRESS OF THE SEAS, was "homeported" in Bayonne, New Jersey. (See Complaint at ¶ 15.)  But this is inaccurate since it was a Bahamian flagged vessel with a Nassau, Bahamas homeport. (Kenyon at ¶6 and Exhibits I and K.)  The Vessel did embark from

Jersey judgment that Plaintiffs are seeking to satisfy by litigating against NYMAGIC herein. This completed and settled underlying litigation is simply not "substantial" enough to merit a finding that venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(2).

Plaintiffs also allege that the "Service of Suit" provision of the Policy provides a basis for finding that venue is proper in this District. Such a clause is not a venue or forum selection provision, but simply provides a basis for upholding jurisdiction over an underwriter in the jurisdiction chosen by an insured. See Chubb Custom Ins. Co. v. Prudential Ins. Co., 195 N.J. 231 (2008); Brooke Group Ltd. V. JCH Syndicate 488 et. al., 87 N.Y.2d 530 (1996). Thus, the clause does not decide the question of what is the proper venue for an action once jurisdiction has been established.

---

Bayonne during several months of the year on voyages to Bermuda (see New York Times article at Exhibit J), but this has no relevance to the underlying claims since the accident giving rise to the claims occurred at Hamilton, Bermuda, not Bayonne. The Vessel is in any event now operated by a different entity in Europe. (Kenyon at ¶ 6.)

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Dismissal of this action is appropriate under the circumstances.  A dismissal would not prejudice Plaintiffs since their claims can be resolved in the pending New York litigation.

## POINT II

### VENUE IS INCONVENIENT IN THIS DISTRICT AND THIS ACTION SHOULD, IN THE ALTERNATIVE, BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK

In the alternative, this matter should be transferred to the Southern District of New York.  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This action could have been brought by Plaintiffs in the Southern District of New York (NYMAGIC's home forum) and there is of course

pending litigation between the parties in the Southern District on the coverage issue.

In deciding section 1404(a) transfer motions, courts consider the three enumerated factors (convenience of the parties, convenience of the witnesses and the interests of justice), plus other public and private interest factors. The relevant private interest factors include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)

The relevant public interest factors include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the

> fora; and the familiarity of the trial judge with the
> applicable state law in diversity cases.

Id. at 879-80.

A consideration of all of these factors leads to the fundamental conclusion that New York is the convenient forum for this action, not New Jersey.

Plaintiffs' Forum Choice

Although a plaintiff's choice of forum is accorded weight, it "diminishes where the plaintiff chooses a foreign forum rather than his or her home forum. The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside the chosen forum." In re Consolidated Parlodel Litigation, 22 F. Supp.2d 320, 323-24 (D.N.J. 1998); Peikin v. Kimmel & Silverman, P.C., 576 F. Supp.2d 654, 661 (D.N.J. 2008); Tischio, 16 F. Supp.2d at 521.  Neither Plaintiff herein is located in New Jersey and the central facts as reviewed above did not occur in New Jersey.  At the same time, NYMAGIC in the pending New York action has sued in its home forum. See Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524 (1947).

(Plaintiff should not be deprived of home forum "except upon a clear showing of facts which . . . establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience . . . .")  This factor thus strongly supports transfer to New York as the home forum of NYMAGIC.

### Defendant's Preference

This factor strongly supports transfer in view of NYMAGIC's understandable preference for litigating in its home forum, which is also the location of the facts underlying Plaintiffs' coverage claim.

### Whether the Claim Arose Elsewhere

As reviewed above, Plaintiffs' coverage claim against NYMAGIC did not arise in New Jersey.  It arose instead in New York, where the Policy was issue, where NYMAGIC is located and where the decision on coverage was made.  Further, any injury suffered by Plaintiffs as a result of the coverage decision did not occur in New Jersey, but in either Louisiana or Norway where Plaintiffs are located.  This factor strongly favors transfer to New York.

Convenience as Indicated by their Relative Financial Conditions

Since we are dealing with parties that are ongoing corporate entities, this factor carries less weight.  We note, however, that Plaintiffs are members of Norwegian corporate group operating worldwide and have proven they have the means to litigate in a foreign forum.  (Kenyon at ¶ 4.)

Convenience of Witnesses

NYMAGIC's possible witnesses are Paul Smith and Douglas Ottey, who are both located in New York with MMO.  (See Smith Declaration.)  To the extent any of the attorneys involved in the underlying litigation are possible witnesses, the clear majority are located in New York. The attorney for Razo and Bennett in the underlying litigation, Paul Hofmann, has his main office at West 31st Street in Manhattan. (Kenyon at ¶ 10.)  The attorneys for the Royal Caribbean entities, Hill Betts & Nash LLP, are located at One World Financial Center in Manhattan.  (Kenyon at ¶ 10.)  While Plaintiffs' attorney in the underlying actions, Simon Harter, has his main office in Princeton, he also has an office at 304 Park Avenue South in Manhattan.  (Kenyon at ¶ 10.)  Plaintiffs are located in Louisiana and Norway and no doubt their witnesses are

similarly located.  To the extent any of the other parties to the underlying litigation are relevant witnesses, none are residents of New Jersey in any event.  Further, the September 7, 2004, occurrence (and possible witnesses thereto) took place aboard a foreign flag vessel while at Hamilton, Bermuda.  The EMPRESS OF THE SEAS itself presently sails between European ports.  (Kenyon at ¶ 6.)

The potential witnesses in this action thus have virtually no contacts with New Jersey and have the most contacts with New York.  This factor favors transfer to New York.

Location of Books and Records

NYMAGIC's relevant documents are located in New York.  Plaintiffs' relevant  documents are no doubt located in either Louisiana or Norway.  In view of the New York locations of the attorneys representing the parties in the underlying New Jersey litigation, the New Jersey litigation documents are readily available in New York.  This factor thus favors transfer to New York.

Enforceability of the Judgment

Plaintiffs' claim seeking money damages from NYMAGIC, a New York corporation with its principal place of business in New York, would obviously be more readily enforceable as New York judgment should that become necessary.  This factor favors transfer to New York.

Practical Considerations re Trial

In view of the connections that the relevant witnesses and sources of proof have with New York, trial in New York would be easier, more expeditious and less expensive.  This factor thus favors transfer to New York.

Administrative Difficulty re Court Congestion

This factor carries little weight in view of the relative equivalence of both fora as concerns administrative matters.

Local Interest over Local Controversies

As previously noted, this controversy has little contact with New Jersey. None of the parties are New Jersey residents and the claim arose in New York. New York has the greater interest in deciding a coverage claim against a New York insurer.  This factor strongly favors transfer to New York.

Public Policies of the Fora

New York has the greater public policy interest in regulating the conduct of insurance companies organized under its laws.  This factor favors transfer to New York.

Familiarity with the Applicable State Law

New York law will control the decision in this case based on the overwhelming contacts of the insurance issue with New York.  See Zurich Insurance Co. v. Shearson Lehman, 84 N.Y.2d 309 (1994).  A New York judge would be more familiar with New York law.  This factor thus favors transfer to New York.

The relevant private and public interest factors thus overwhelmingly favor transfer of this case to the Southern District of New York as the more convenient forum.

## POINT III

## IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING DECISION ON PLAINTIFFS' <u>MOTION IN THE SOUTHERN DISTRICT OF NEW YORK</u>

Plaintiffs have requested a conference with Judge Pauley in the Southern District to have the case dismissed or transferred to New Jersey.  In the alternative, this matter should be stayed pending resolution of that motion to avoid a duplication of effort.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. North America Co.</u>, 299 U.S. 248, 254 (1936).  "Determining whether to stay an action requires the court to balance competing interests, including whether the actions: (1) involve the same parties; (2) involve the same issues; or (3) are pending in the same court."  <u>Ford Motor Credit Corp. v. Chiorazzo</u>, 529 F. Supp.2d 535, 542 (D.N.J. 2008).  "Additionally, a court should consider whether a stay would prejudice the plaintiff and if it would further the interest of judicial economy."  <u>Id</u>.

Application of these factors justify a stay if this matter is not dismissed or transferred as requested above. Plaintiffs and NYMAGIC are parties to the pending New York action. The lawsuits concern the same insurance coverage claim. Both cases are pending in the federal court system. See Local 478 Trucking v. Jayne, 778 F. Supp. 1289, 1324 (D.N.J. 1991). ("A court will examine whether two actions involve the same parties and whether the same issues are pending in either the same federal court or in different federal courts.") A stay would not prejudice Plaintiffs since their claims against NYMAGIC would be fully adjudicated in New York.[2] Moreover, judicial economy would be served by avoiding the duplication of effort involved in both courts deciding the same venue issue.

In the alternative, this matter should thus be stayed pending resolution of Plaintiffs' motion in the Southern District of New York.

---

[2]

Plaintiffs are free to third-party defendant Schmaltz into the New York action to pursue their claim against her in New York.

## <u>CONCLUSION</u>

Based on the foregoing discussion, and the papers submitted herewith

in support, this Court should thus dismiss or, in the alternative, transfer, or

in the alternative, stay this action.

Dated: Red Bank, New Jersey
      August 17, 2010


               BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC


      By       s/Todd P. Kenyon
             Todd P. Kenyon (TK 7654)