**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
Tel: (609) 986-1325
Fax: (609) 986-1301
Anthony J. Golowski II, Esq.
agolowski@goldbergsegalla.com
Attorneys for Defendant,
Patricia Lane Schmaltz

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UMOE SCHAT HARDING, INC. and UMOE SCHAT HARDING AS, | Case No. 2:10-cv-03722 (WJM) (MF) |
| Plaintiffs, | Civil Action |
| v. | **ANSWER, CROSSCLAIMS AND THIRD PARTY COMPLAINT** |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY and PATRICIA LANE SCHMALTZ, | **Jury Trial Demanded** |
| Defendants. | |

Defendant, Patricia Lane Schmaltz ("Defendant" and/or "Ms. Schmaltz"), by and through her undersigned counsel, by way of Answer to Plaintiff's Complaint states:

**INTRODUCTION**

The allegations contained in the Introduction to the Complaint constitute introductory language and/or call for a legal conclusion. In either event, Defendant is not required to respond to those statements. To the extent that any allegation contained in the Introduction may be construed as a factual averment, Defendant denies all such allegations

I.                      **PARTIES, JURISDICTION AND VENUE**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that she is a resident and domiciliary of the state of Florida, which state has issued to her the referenced insurance agent's license.  Defendant denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

6.      The allegations contained in Paragraph 6 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

7.      The allegations contained in Paragraph 7 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

8.      The allegations contained in Paragraph 7 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

II.                     **THE INSURANCE COVERAGE**

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of the Complaint.

**III.        THE FACTS GIVING RISE TO PLAINTIFFS' CLAIMS**

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, although Defendant acknowledges having heard that such an event took place and that claims were made with regard thereto.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant acknowledges having received notice that such lawsuits were filed, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.  Defendant further states that, to the extent that Plaintiffs are quoting from a letter allegedly issued by, for or on behalf of Defendant New York Marine and General Insurance Company ("NYMAGIC"), then such letter would speak for itself.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and leaves Plaintiffs to their proofs.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and leaves Plaintiffs to their proofs.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## **COUNT ONE**

29.    Defendant repeats and realleges her responses to Paragraphs 1 through 28 of the Complaint as if the same were more fully set forth herein.

30.    The allegations contained in Paragraph 30 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation contained in Paragraph 30 may be construed as a factual averment, Defendant believes same to be true.

31.     The allegations contained in Paragraph 31 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 31 may be construed as a factual averment, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiffs to their proofs.

32.     The allegations contained in Paragraph 32 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

33.     To the extent that Plaintiffs have copied a portion of a document, said document speaks for itself and Defendant is not required to respond se is required to the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

35.     The allegations contained in Paragraph 35 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

36.     The allegations contained in Paragraph 36 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

37.     The allegations contained in Paragraph 37 of the Complaint call for legal conclusions and Defendant is not required to respond to same.

## COUNT TWO

38.     Defendant repeats and realleges her responses to Paragraphs 1 through 37 of the Complaint as if the same were more fully set forth herein.

39.     The allegations contained in Paragraph 39 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation

contained in Paragraph 39 may be construed as a factual averment, Defendant denies all such allegations.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation contained in Paragraph 42 may be construed as a factual averment, Defendant denies all such allegations.

43.     The allegations contained in Paragraph 43 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation contained in Paragraph 43 may be construed as a factual averment, Defendant denies all such allegations.

## COUNT THREE

44.     Defendant repeats and realleges her responses to Paragraphs 1 through 43 of the Complaint as if the same were more fully set forth herein.

45.     The allegations contained in Paragraph 45 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation contained in Paragraph 45 may be construed as a factual averment, Defendant denies all such allegations.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint call for legal conclusions and Defendant is not required to respond to same.  To the extent that any allegation

contained in Paragraph 48 may be construed as a factual averment, Defendant denies all such allegations.

49.    The allegations contained in Paragraph 49 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 49 may be construed as a factual averment, Defendant denies all such allegations.

## COUNT FOUR

50.    Defendant repeats and realleges her responses to Paragraphs 1 through 49 of the Complaint as if the same were more fully set forth herein.

51.    Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    The allegations contained in Paragraph 53 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 53 may be construed as a factual averment, Defendant denies all such allegations.

54.    The allegations contained in Paragraph 54 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 54 may be construed as a factual averment, Defendant denies all such allegations.

## COUNT FIVE

55.    Defendant repeats and realleges her responses to Paragraphs 1 through 54 of the Complaint as if the same were more fully set forth herein.

56.    The allegations contained in Paragraph 56 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 56 may be construed as a factual averment, Defendant denies all such allegations.

57.    The allegations contained in Paragraph 57 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 57 may be construed as a factual averment, Defendant denies all such allegations.

58.    The allegations contained in Paragraph 58 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 58 may be construed as a factual averment, Defendant denies all such allegations.

59.    The allegations contained in Paragraph 59 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 59 may be construed as a factual averment, Defendant denies all such allegations.

## COUNT SIX

60.    Defendant repeats and realleges her responses to Paragraphs 1 through 59 of the Complaint as if the same were more fully set forth herein.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Complaint. In addition, Defendant specifically denies that she made any such representation.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint. In addition, Defendant specifically denies that she made any such representation.

67.    Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    The allegations contained in Paragraph 69 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 69 may be construed as a factual averment, Defendant denies all such allegations.

70.    The allegations contained in Paragraph 70 of the Complaint call for legal conclusions and Defendant is not required to respond to same. To the extent that any allegation contained in Paragraph 70 may be construed as a factual averment, Defendant denies all such allegations.

WHEREFORE, defendant Patricia Lane Schmaltz, requests that judgment be entered in here favor, dismissing the Complaint in its entirety and with prejudice, as to her, and that she be awarded the costs of this action, reasonable attorneys' fees, and all other relief which this Court deems just and proper.

## AFFIRMATIVE AND SEPARATE DEFENSES

Defendant asserts the following defenses to the Complaint and reserves her rights to amend or supplement these defenses as further information becomes available through discovery:

## FIRST AFFIRMATIVE AND SEPARATE DEFENSE

The Complaint and each of its claims for relief (specifically Count One of the Complaint, which is not directed against Defendant Patricia Lane Schmaltz and/or for which no relief is sought against Defendant Patricia Lane Schmaltz) fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE AND SEPARATE DEFENSE

Each of Plaintiffs' claims is barred by the doctrine of laches.

## THIRD AFFIRMATIVE AND SEPARATE DEFENSE

Each of Plaintiffs' claims is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE AND SEPARATE DEFENSE

Each of Plaintiffs' claims is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE AND SEPARATE DEFENSE

Each of Plaintiffs' claims is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE AND SEPARATE DEFENSE

Any loss suffered by Plaintiffs, which is hereby specifically denied, was solely through the conduct and/or fault of Plaintiffs and/or others for whom Defendant Patricia Lane Schmaltz is not responsible, and was not caused by any fault of this Defendant.

## SEVENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims for damages are barred and/or limited by their failure to mitigate damages.

## EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE

Defendant Patricia Lane Schmaltz owes no duty to Plaintiffs for which she can be held liable based upon the claims of Plaintiffs.

## NINTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE AND SEPARATE DEFENSE

The Court lacks personal jurisdiction over the Defendant.

## ELEVENTH AFFIRMATIVE AND SEPARATE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

## TWELFTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs have failed to join all necessary and appropriate parties.

## THIRTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims are barred by additional defenses that may arise during the course of this litigation, which Defendant reserves the right to assert.

## FOURTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs lack standing to assert the claims alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs lack capacity to assert the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs have failed to plead their claims with sufficient particularity.

## SEVENTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

If Plaintiffs sustained damages by reason of the matters alleged in the Complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties and were not caused or contributed to by any acts or fault of Defendant.

## EIGHTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

The injuries and damages claimed by Plaintiff were caused, in whole or in part, by the acts or omissions of persons other than Defendant, over whom Defendant had no control. Therefore, any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

## NINETEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to the conduct of Defendant.   Any alleged acts and/or omissions of Defendant were superseded by such unforeseeable, independent, intervening, and superseding events.

## TWENTIETH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs were at fault, and such fault was either the sole or at least a proximate cause of their claimed damages.   Such fault should bar or reduce Plaintiffs' recovery, if any, in accordance with New Jersey law, and interpretative case law.

## TWENTY-FIRST AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims are barred on the grounds that Plaintiffs knew, or in the exercise ordinary care should have known, of the risks of the damages alleged in the Complaint, if any, and nevertheless, did freely and voluntarily assume said risks, and in this undertaking proximately caused and contributed to the losses or damage, if any, alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, from recovery due to spoliation of evidence.

## TWENTY-THIRD AFFIRMATIVE AND SEPARATE DEFENSE

If Plaintiffs suffered or sustained any loss or damage as a result of the alleged incidents referred to in the Complaint, the same were a direct result of a breach of contract on the part of one and/or both Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE AND SEPARATE DEFENSE

If Plaintiffs suffered or sustained any loss or damage as a result of the alleged incidents referred to in the Complaint, the same were a direct result of Plaintiffs' breach of the implied duty of good faith and fair dealing implied in every contract.

## TWENTY-FIFTH AFFIRMATIVE AND SEPARATE DEFENSE

If Plaintiffs suffered or sustained any loss or damage as a result of the alleged incidents referred to in the Complaint, the same were a direct result of Plaintiffs' own tortious actions.

## TWENTY-SIXTH AFFIRMATIVE AND SEPARATE DEFENSE

Defendant incorporates the defenses of all others who are or may become parties to this action, as though more fully set forth herein.

## TWENTY-SEVENTH AFFIRMATIVE AND SEPARATE DEFENSE

To the extent that the claims stated in the Complaint have been settled, compromised, or otherwise discharged, a set off is due.

## TWENTY-EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs fail to state a claim upon which attorneys' fees can be awarded.

## TWENTY-NINTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs' claims, if any, are barred, reduced and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by law, including, but

not limited to New Jersey law regarding non-economic loss, and applicable New Jersey law related to amounts paid or provided by collateral sources.

### THIRTIETH AFFIRMATIVE AND SEPARATE DEFENSE

Defendant adopts and relies upon all provisions and defenses afforded her under the United States Constitution, and the Constitutions of the States of New Jersey and/or Florida.

### THIRTY-FIRST AFFIRMATIVE AND SEPARATE DEFENSE

If Plaintiffs suffered or sustained any loss or damage as a result of the alleged incidents referred to in the Complaint, the same were a direct result of Plaintiffs' own Bad Faith in dealing with the Defendant.

**WHEREFORE,** Defendant, Patricia Lane Schmaltz, prays that this Court determine and adjudge that: the Complaint be dismissed with prejudice with respect to Ms. Schmaltz; Plaintiffs take nothing from Ms. Schmaltz by way of damages; Ms. Schmaltz be awarded their costs, disbursements, attorneys' fees and expenses incurred herein; and that Ms. Schmaltz be awarded such other and further relief as this Court may deem necessary and proper.

### CROSS CLAIM FOR CONTRIBUTION

Defendant Patricia Lane Schmaltz denies any liability to Plaintiffs. However, in the event Patricia Lane Schmaltz is found liable to Plaintiffs, Ms. Schmaltz demands contribution from Co-Defendant, New York Marine and General Insurance Company, and from any and all other Co-Defendants herein, to the fullest extent allowed by law.

## CROSS CLAIM FOR INDEMNIFICATION

Defendant Patricia Lane Schmaltz denies any liability to Plaintiffs. However, in the event Patricia Lane Schmaltz is found liable to Plaintiffs, Ms. Schmaltz demands indemnification from Co-Defendant, New York Marine and General Insurance Company, and from any and all other Co-Defendants herein, to the fullest extent allowed by law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Defendant Patricia Lane Schmaltz demands a trial by jury on all issues so triable.

## THIRD PARTY COMPLAINT

I.                          **PRELIMINARY STATEMENT**

1.      Defendant/Third Party Plaintiff Patricia Lane Schmaltz ("Ms. Schmaltz") brings this Third Party Complaint for damages, contribution and indemnification against Third Party Defendants Robert Scott ("Mr. Scott"), Jansen & Hastings Intermediaries Ltd. ("J&H"), Joseph Fitzgerald ("Mr. Fitzgerald"), BMS Group ("BMS Group"), BMS Management Services Ltd. ("BMS Ltd") and Osprey Underwriting Agency Limited ("Osprey") because, upon information and belief, each of those parties, in addition to the Plaintiffs and Defendant NYMAGIC, is liable, in whole or in part, as set forth more fully below, for any damages allegedly sustained by the Plaintiffs as alleged in their Complaint.

2.      Ms. Schmaltz denies any liability to Plaintiffs and/or that Plaintiffs were damaged as a result of any action or inaction on Ms. Schmaltz's part.

3. Any damages allegedly sustained by Plaintiffs was the result of action or inaction on the part of: Plaintiffs; NYMAGIC; and/or the Third Party Defendants. If, however, Plaintiffs can establish that they sustained damages, and that any of those damages were attributable, in whole or in part, to any action or inaction on Ms. Schmaltz's part, then, in addition to any offsets for liability on the part of Plaintiffs, and any indemnification and/or contribution from NMAGIC, Ms. Schmaltz seeks contribution and/or indemnification from the Third Party Defendants, as set forth herein.

**II.    PARTIES, JURISDICTION AND VENUE**

4. Defendant/Third Party Plaintiff Patricia Lane Schmaltz, a resident and domiciliary of the State of Florida, with a business address at 4401 West Kennedy Blvd., 2nd Floor, Tampa, Florida, is a licensed insurance agent.

5. Plaintiff Umoe Schat Harding, Inc. ("USH Inc.") is, and at all time relevant hereto, has been one of Ms. Schmaltz's clients. As set forth in its Complaint, USH Inc. is a Delaware corporation with its principal place of business at 912 Highway 90 East, New Iberia, Louisiana.

6. As set forth in its Complaint, Plaintiff Umoe Schat Harding AS ("USH AS") is a Norwegian corporation, with its principal place of business in Norway.

7. As set forth in the Complaint, Defendant NYMAGIC is a New York corporation with its principal place of business at 919 3rd Avenue, New York, New York.

8. According to its internet website, Third Party Defendant BMS Group identifies themselves as "specialists in a wide range of major classes including all forms of Reinsurance; commercial and major risks insurance; binding authorities, programs and market facilities as well as risk advisory services and alternative risk transfer methods." According to its website,

among the services and insurance products that BMS Group offers their customers in the United States of America are: Specialty Casualty; Marine & Energy; Property & Casualty; and Transportation insurance products. Upon information and belief, Third Party Defendant BMS Group's principal office is located at One America Square, London, England EC3N 2LS.

9.     According to the BMS Group website, Third Party Defendant BMS Ltd. is BMS Group's "central regulated entity, being authorised and regulated by the UK Financial Services Authority under Section IV of the UK Financial Services and Markets Act 2000." Upon information and belief, Third Party Defendant BMS Ltd.'s principal office is located at One America Square, London, England EC3N 2LS or at Latham House, 16 Minories, London, England EC3N 1AX.

10.    According to its website, members of the BMS Group maintain eight offices in the United States, including an office in East Brunswick, New Jersey. No BMS Group member is listed as maintaining an office in the State of New York.

11.    Third Party Defendant Fitzgerald was, at all times relevant hereto, employed by Third Party Defendant J&H and/or by Third Party Defendant BMS Group Ltd. Upon information and belief, Mr. Fitzgerald is a resident and domiciliary of England, and his principal place of business is located at One America Square, London, England EC3N 2LS or at Latham House, 16 Minories, London, England EC3N 1AX.

12.    According to the BMS Group website, Third Party Defendant J&H is a member of the BMS Group. Upon information and belief, Third Party Defendant J&H's principal office is located at One America Square, London, England EC3N 2LS. J&H also maintains offices in San Francisco, California and Sand Point, Idaho.

13.  According to its own internet website, Third Party Defendant J&H identifies itself as, among other things, "a provider of market-leading MGA and broking solutions for North American Commercial lines".

14.  Third Party Defendant Scott was, at all times relevant hereto, employed by J&H and/or BMS Group.  Upon information and belief, Mr. Scott was, at all times relevant hereto, employed by J&H and/or BMS Group as a Broker. Mr. Scott was the "Placing Broker" who obtained primary and excess insurance coverage for USH Inc.  Upon information and belief, Mr. Scott is a resident and domiciliary of England, and his principal place of business is located at One America Square, London, England EC3N 2LS.

15.  According to its website, Third Party Defendant Osprey identifies itself as "global providers of marine related insurance products" which are "Authorised and regulated by the Financial Services Authority, Licence number; 312791, Company Registration number; 2519540, England".

16.  Upon information and belief, Osprey's principal offices are located at Asia House, 31-33 Lime Street, London England EC3M 7HT.  In addition to its London headquarters, Osprey identifies itself as being affiliated with six United States correspondents located in the states of California, Florida, Georgia, Maine and Texas.

17.  Subject matter jurisdiction is proper over this Third Party Complaint under 28 U.S.C. § 1332 (a)(2) and/or (a)(3) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties in this dispute.

18.  Venue is proper under 28 U.S.C. § 1391(a)(2) because: the initial Complaint is properly venued herein; a substantial part of the events or omissions relating to this Third Carty Complaint occurred in connection with a lawsuit against Plaintiffs that was venued in this

jurisdiction over a four-year period; a fact known to all Third Party Defendants, each of whom corresponded with Plaintiffs' New Jersey defense counsel therein.

### III.    FACTUAL ALLEGATIONS

19.    On or about December 31, 2002, on behalf of USH Inc., Ms. Schmaltz submitted to J&H one or more applications for general liability insurance.

20.    Third Party Defendant Mr. Scott was, on behalf of Third party Defendant J&H, the "Placing Broker" who obtained primary and excess insurance coverage for USH Inc. J&H/Scott, acting as placing Broker or Producer, placed USH Inc.'s primary general liability insurance coverage with Osprey. The Osprey Policy provided coverage up to the amount of $1,000,000.

21.    J&H/Scott, acting as placing Broker or Producer, placed USH Inc.'s excess insurance coverage with Defendant NYMAGIC. The NYMAGIC Policy provided coverage up to the amount of $5,000,000.

22.    To the extent that Plaintiffs maintain that the NYMAGIC excess insurance Policy was not adequate to suit USH Inc.'s needs, a fact which Ms. Schmaltz denies, then any and all liability to Plaintiffs relating therefrom lies with J&H which, in its capacity as Producer of Record, procured said Policy for USH Inc.

23.    Plaintiffs allege that, on or about September 7, 2004, an accident occurred on a lifeboat manufactured by Plaintiff USH AS. Plaintiffs further allege that they were not notified until on or about August 31, 2006 that any claims would be filed against them as a result of said accident.

24.     On or about August 31, 2006, USH Inc. was allegedly served with a copy of the Complaint filed by Alexander Razo and Cielo Razo (the "Razo Complaint"), which Complaint was filed in the Superior Court of New Jersey, Hudson County.

25.     After being served with a copy of the Razo Complaint, Plaintiff USH Inc. apparently asked its insurance Broker at the time (which was, upon information and belief, Willis of Louisiana, Inc.) to notify Plaintiff USH Inc.'s primary insurer, as Plaintiff USH Inc. was looking for the primary carrier to provide USH Inc. with coverage and counsel to defend the Razo allegations.

26.     Willis of Louisiana, Inc. allegedly refused to provide such notice and, on or about September 7, 2006, USH Inc. forwarded the Razo Complaint to Ms. Schmaltz's office.

27.     On or about September 8, 2006, Ms. Schmaltz provided notice of the Razo lawsuit to Third Party Defendants J&H and Mr. Scott.  On that same day, Mr. Scott forwarded the Complaint to Third Party Defendant Fitzgerald, of Third Party Defendant BMS Ltd., who handles J&H's claims.

28.     On or before September 14, 2006, Mr. Fitzgerald forwarded the Razo Complaint to Third Party Defendant Osprey.

29.     After much apparent deliberation, Osprey agreed to provide defense counsel to USH Inc. and USH AS.

30.     Simon Harter, Esq., an attorney whose office is in Princeton, New Jersey, defended Plaintiffs during the course of the Razo litigation, as well as another lawsuit, filed by a Mr. Delroy Bennett, that allegedly arose out of the same accident as the Razo lawsuit. According to Plaintiffs, the litigation of the Razo/Bennett lawsuits also included one or more

Counterclaims filed by Royal Caribbean Cruise Lines ("RCCL") for indemnification and damages from Plaintiffs.

31.    Plaintiffs have represented that the Razo and Bennett lawsuits, including RCCL's Counterclaims, were settled in July 2010.

32.    During the period of time between September 2006 and July 2010, Plaintiffs, individually and/or by and through Mr. Harter, communicated directly with Third Party Defendant Osprey.

33.    During the course of the Razo/Bennett lawsuits, Plaintiffs and Mr. Harter periodically communicated with Mr. Fitzgerald and Ms. Schmaltz.

34.    At no time did any party ask Ms. Schmaltz to notify NYMAGIC regarding the lawsuits.   If not made directly by Plaintiffs or their counsel, any contact with USH Inc.'s underwriters would have been made by Mr. Fitzgerald and/or Third Party Defendants BMS Group, BMS Ltd., J&H and/or Mr. Scott.  Ms. Schmaltz would have had no such direct contact with any of Plaintiffs' insurers.

35.    After being presented with notification from Mr. Harter that the amount of the Razo and Bennett claims could exceed the amount of USH Inc.'s primary Policy with Osprey, it appears that no Third Party Defendant notified NYMAGIC that the excess Policy could be triggered.

36.    In its capacity as the Primary insurance carrier defending Plaintiffs in the Razo/Bennett litigation, Osprey had a duty to notify NYMAGIC that the excess Policy could be triggered as a result of the Razo/Bennett/RCCL claims.   Third Party Defendants Osprey apparently failed to discharge this duty.

37.    In their capacity as Brokers or Producers of the USH Inc. Policies, and in their capacity as Plaintiffs' intermediaries with USH Inc.'s insurers, Third Party Defendants J&H, Scott and Fitzgerald had a duty to notify NYMAGIC that the excess Policy could be triggered as a result of the Razo/Bennett/RCCL claims. Third Party Defendants J&H, Scott and Fitzgerald each apparently failed to discharge this duty.

38.    In their capacity as litigation managers or "handlers" for J&H, and in their capacity as Plaintiffs' intermediaries with USH Inc.'s insurers, Third Party Defendants Fitzgerald, BMS Group and BMS Limited had a duty to notify NYMAGIC that the excess Policy could be triggered as a result of the Razo/Bennett/RCCL claims. Third Party Defendants Fitzgerald, BMS Group and BMS Limited each apparently failed to discharge this duty.

IV.                          **CLAIMS FOR RELIEF**

### COUNT ONE

#### (Negligence – J&H and Scott)

39.    Ms. Schmaltz repeats and realleges the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.    In the event that it is determined that USH Inc.'s excess Policy was insufficient to meet USH Inc.'s needs, then any liability to Plaintiffs therefrom is solely the result of negligence on the part of Third Party Defendants J&H and Mr. Scott.

41.    Ms. Schmaltz has been damaged as a result of J&H's and Mr. Scott's negligence.

**WHEREFORE,** Third Party Plaintiff Patricia Lane Schmaltz respectfully requests that this Court enter judgment in her favor on the Third Party Complaint, jointly and severally, against Third Party Defendants Jansen & Hastings Intermediaries Ltd. And Robert Scott for:

compensatory damages; contribution; indemnification; costs of this action; reasonable attorneys' fees; and such other relief as the Court deems just and proper.

## COUNT TWO

### (Negligence – J&H, Scott, Fitzgerald, BMS Group, BMS Ltd. and Osprey)

42.    Ms. Schmaltz repeats and realleges the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43.    In the event that Defendant NYMAGIC is able to disclaim liability to Plaintiffs based on contractual defenses, then any liability to Plaintiffs therefrom is the result of negligence on the part, or parts, of Third Party Defendants J&H and/or Scott and/or Fitzgerald and/or BMS Group and/or BMS Ltd. and/or Osprey for, among other things, failing to notify NYMAGIC that the excess Policy could be triggered as a result of the Razo/Bennett/RCCL claims.

44.    Ms. Schmaltz has been damaged as a result of the respective negligent actions and/or inaction on the part, or parts, of Third Party Defendants J&H, Scott, BMS Group, BMS Ltd., Fitzgerald, and Osprey.

**WHEREFORE**, Third Party Plaintiff Patricia Lane Schmaltz respectfully request that this Court enter judgment on the Third Party Complaint, jointly and severally, against Third Party Defendants Jansen & Hastings Intermediaries Ltd., Robert Scott, Joseph Fitzgerald, BMS Group, BMS Management Services Ltd. and Osprey Underwriting Agency Limited for: compensatory damages; contribution; indemnification; costs of this action; reasonable attorneys' fees; and such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Ms. Schmaltz demands a trial by jury on all issues, so triable, raised in her Third Party Complaint.

## <u>CERTIFICATION UNDER LOCAL RULE 11.2</u>

I hereby certify that, to the best of my knowledge, information and belief, the subject matter of this action is not the subject of any other action pending in any court, or any pending arbitration or of any administrative proceeding.

GOLDBERG SEGALLA LLP

Dated: September 20, 2010        By: /s/ Anthony J. Golowski II _____
                                     Anthony J. Golowski II
                                     902 Carnegie Center, Suite 100
                                     Princeton, New Jersey 08540-6530
                                     (609) 986-1325

                                     Attorneys for Patricia Schmaltz.

30481.1