UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
  **JUDGE**

**LETTER OPINION**

February 1, 2011

Anthony J. Golowski II, Esq.
Goldberg Segalla LLP
902 Carnegie Center, Suite 100
Princeton, NJ 08540
 *(Attorneys for Third-Party Plaintiff)*

Kevin M. Hass, Esq.
Marianne May, Esq
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY 10006
 *(Attorneys for Third-Party Defendant)*

  Re: *Umoe Schat Harding Inc., et al. v. New York Marine & Gen. Ins. Co., et al.*
     Civil Action No. 10-03722 (WJM)

Dear Litigants:

  This matter comes before the Court on Third-Party Defendant Osprey Underwriting Agency Ltd.'s ("Osprey") motion to dismiss the third-party complaint, or in the alternative quash service, pursuant to Fed. R. Civ. P. 12(b)(4).  In accordance with Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b), this Court did not hold oral argument.  For the reasons set forth below Third-Party Defendant's motion is **DENIED**.

**I.**  **BACKGROUND**
  Third-Party Plaintiff Patricia Lane Schmaltz ("Schmaltz") is a defendant in the above-caption action. Schmaltz filed a third-party complaint against Osprey, among other parties, seeking indemnification and contribution, and stating related claims. Osprey is

based in the United Kingdom. According to two certificates of service docketed in this action, the Foreign Process Section of the Senior Courts of England and Wales served copies of a "Third-Party Complaint" on Osprey on November 3, 2010. (Dkt. 32).

Osprey now moves to dismiss the third-party complaint or quash service upon it, arguing that service was defective under Fed. R. Civ. P. 4 because Osprey received a copy of the complaint against Schmaltz but did not receive a copy of the third-party complaint naming it as a defendant. Review of the docket shows that of the six third-party defendants served in the United Kingdom, only Osprey has challenged service thus far.

In support of its motion, Osprey has included an affidavit of a corporate employee admitting that Osprey received a copy of the complaint but denying that it received a copy of the third-party complaint. In opposition, Schmaltz has included an attorney declaration describing in detail the steps he took to affect service of the necessary documents, including the third-party complaint, on Osprey. Schmaltz also directs the Court's attention to the two certificates of service already docketed.

## II.   ANALYSIS

Where service of process is defective under Fed. R. Civ. P. 4, this Court has broad discretion to dismiss the action or quash service. *Umbenhauer v. Woong*, 969 F.2d 25, 30 (3d Cir. 1992). In any event, dismissal would be inappropriate here because it seems likely that a second attempt at service could be successful. *See id*; *see also New England Mut. Life Ins. Co. v. Troy Ventures, Ltd.*, 1994 WL 705411, at *4 (D.N.J. Dec. 14, 1994).

Outside of this district, many courts have held that an affidavit of service creates a rebuttable presumption that service was valid. *See, e.g., The Closeout GroupA, Inc. v. Venator Electronic Sales and Service, Ltd.*, 2009 WL 2431448, at *3 (E.D. Pa. 2009). The evidence offered by Osprey is insufficient to rebut that presumption. Initially, Osprey offered no evidence to supports its motion, relying instead on bare assertions in its accompanying brief. In its response to Schmaltz's brief in opposition, Osprey offered only the two-paragraph affidavit of Tanya Rose, which does not even purport to speak from the employee's personal knowledge. Instead, the affiant swears that she is an "Associate Director . . . authorized to make this affidavit on behalf of Osprey." After reviewing all available evidence, this Court has determined that service upon Osprey was proper.

## III.   CONCLUSION

For the reasons stated above, Osprey's motion is **DENIED**. An appropriate order follows.

                                                    /s/ William J. Martini
                                              **WILLIAM J. MARTINI, U.S.D.J.**