UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UMOE SCHAT HARDING, INC.,** *et al.*, | |
| **Plaintiffs,** | Civ. No. 10-3722-WJM |
| **v.** | |
| **NEW YORK MARINE AND GENERAL INSURANCE COMPANY,** *et al.*, | **OPINION** |
| **Defendants.** | **HON. WILLIAM J. MARTINI** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Patricia Schmaltz's Motion to Dismiss the Complaint filed against her by Plaintiffs Umoe Schat Harding, Inc. and Umoe Schat Harding AS (collectively "Plaintiffs"). The basis of the motion is that Plaintiffs failed to comply with N.J.S.A. § 2A:53A-27, which requires plaintiffs to file affidavits of merit when making claims that sound in professional malpractice.

For the reasons stated below, the Court **grants the motion in part and denies in part**, dismissing only those claims for which an affidavit of merit is actually required.

## I.      Factual and Procedural Background

This Court's March 29, 2011 Opinion provides a more detailed version of the factual and procedural background of this case. *See Umoe Schat Harding, Inc. v. New York Marine and General Ins. Co.*, 2011 WL 1211462 (D.N.J. 2011). This Opinion provides an abbreviated version of those facts relevant to the present motion.

The Plaintiffs purchased through Schmaltz as broker a policy of commercial general liability insurance from Osprey Insurance, and a policy of excess insurance from New York Marine and General Insurance Company's ("NYMAGIC"). Both policies were procured through additional intermediaries. In 2004, an accident occurred implicating the policies. Plaintiffs notified Schmaltz, who represented that she would notify all insurers. In 2006, individuals injured in the accident

1

brought suits against Plaintiffs in New Jersey state court. Again Plaintiffs notified Schmaltz who again represented that she would notify the insurers. Communications between Plaintiffs and Schmaltz continued throughout the litigation, and Plaintiffs pressed Schmaltz to ensure support from the insurers to fund a settlement prior to trial.

On July 22, 2010, days before trial, Osprey Insurance tendered the limits of the primary policy in support of settlement. But that afternoon, NYMAGIC issued a letter denying coverage under the excess policy, relying in part on the alleged fact that it had not been notified until July 14, 2010. In the evening of July 22, 2010, Plaintiffs settled the litigation. On July 23, 2010, Plaintiffs filed this action against NYMAGIC claiming that the denial of coverage was a breach of contract.

In the alternative, Plaintiffs plead causes of action against Schmaltz. Plaintiffs have two separate theories of Schmaltz's liability: (1) if the fact-finder determines that NYMAGIC is not liable because it did not receive proper notice of the claims, then Schmaltz is at fault for improperly notifying NYMAGIC; or (2) if the fact-finder determines that the excess insurance policy was insufficient, then Schmaltz is at fault for procuring inadequate insurance. As discussed in more detail below, Plaintiffs rely on only these two theories of liability but plead five separate counts against Schmaltz.

## II.    Legal Analysis

### A. The Affidavit of Merit Statute

New Jersey's affidavit of merit statute states, in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. Federal courts sitting in diversity must apply the New Jersey Affidavit of Merit statute. *See Chamberlain v. Giampapa*, 210 F.3d 154, 157 (3d Cir. 2000).This statute applies to all claims for damages based on professional malpractice. *Vitale v. Carrier Clinic, Inc.*, 2010 U.S. App. LEXIS 25855, at *5 (3d Cir. Dec. 17, 2010) (quoting *Paragon Contractors, Inc. v.*

*Peachtree Condominium Assoc.*, 202 N.J. 415, 421 (2010)). The underlying purpose of the statute is to enable the court to readily identify meritless malpractice lawsuits at an early stage of litigation by requiring a plaintiff to make a threshold showing of merit by filing an affidavit of merit. *In re Petition of Hall*, 147 N.J. 379, 391 (1997). In most cases, neglecting to provide an affidavit of merit within 120 days of the filing of an answer requires dismissal *with prejudice* "because the absence of an affidavit of merit strikes at the heart of the cause of action." *Paragon Contractors, Inc. v. Peachtree Condominium Assoc.*, 202 N.J. 415, 421 (2010).

The affidavit of merit statute applies to causes of action for malpractice against licensed insurance brokers, like Schmaltz. *See, e.g.*, *Carolina Cas. Ins. Co. v. Cryan's Ale House & Grill*, 2009 WL 497558, at *5 (D.N.J. Feb. 26, 2009). And Plaintiffs filed an affidavit of merit on April 26, 2011, well over 120 days after Schmaltz had answered and only after Schmaltz made the present motion to dismiss.

> ## B. The Affidavit of Merit Statute Applies Despite the Current Procedural Posture of the Case

Plaintiffs first argue that filing of an affidavit of merit is not required until after proper jurisdiction is determined. Here, because Defendant NYMAGIC had filed a motion to dismiss or transfer the case based on challenges to venue and jurisdiction, Plaintiffs argue that the running of the clock for an affidavit of merit was stayed until the Court decided NYMAGIC's motion. Plaintiffs rely heavily on *Moreira v. Peixoto*, Civ. No. 9-3297, 2009 U.S. Dist. LEXIS 110951 (D.N.J. Oct. 23, 2009) (Mag. J. Arleo) *adopted* 2009 U.S. Dist. LEXIS 110941 (D.N.J. Nov. 25, 2009), but that decision is distinguishable. In *Moriera*, the Court was considering the issue of fraudulent joinder while deciding the third-party defendants' motion to remand. As the Court noted in *Moreira*, the third-party plaintiffs could not file an affidavit of merit with the state court because the removal notice divested the state court of jurisdiction, and they could not file an affidavit of merit with this Court, because they did not want to waive any challenges to this Court's jurisdiction. *Id.* at *9-10 n.2. But here, Plaintiffs are not so caught between "figurative rock and a hard place." *Id.* NYMAGIC's motion to dismiss did not divest this Court of jurisdiction to receive an affidavit of merit, and neither the Plaintiffs nor Schmaltz challenged this Court's jurisdiction; in fact, both parties opposed NYMAGIC's motion.

Plaintiffs next argue that they should be excused from missing the deadline because the issue of whether or not a motion to dismiss could trigger the running of the sixty-day clock was left open by the decision of *Ricca v. Anastasio*, Civ. No.

09-5883, 2010 WL 3024867, at *3 (D.N.J. August 2, 2010). In *Ricca*, the issue was whether the filing of a defendant's motion to dismiss triggered the requirement for Plaintiff to serve an affidavit of merit. *Id.* The Court refused to decide, holding that regardless of the outcome, the claims at issue were time-barred. *Id.* Not only does *Ricca's* dicta not control, it is not helpful for the Plaintiffs. In *Ricca*, the defendant *had not* answered, and the issue was whether a Rule 12(b) motion could start the running of the sixty-day clock instead. Here, Schmaltz *has* answered, and so the running of the clock has begun. This is hardly an issue of "first impression," as the plain language of the statute and various courts, including *Ricca*, have already decided the issue. *See id.* ("[T]he requirement that an 'answer' triggers the time period in which plaintiff must serve an affidavit of merit is supported by Third Circuit precedent.") (*citing Newell v. Ruiz*, 286 F.3d 166, 171 (3d Cir. 2002)); N.J.S.A. § 2A:53A-27 (requiring plaintiff to file affidavit of merit "within 60 days following the date of filing the answer to the complaint by the defendant"). That NYMAGIC filed a motion to dismiss is irrelevant – the claim requiring the filing of an affidavit of merit was directed only at Schmaltz, and so Schmaltz's answer started the sixty-day clock.

Plaintiffs finally argue that extraordinary circumstances exist such that this Court may dismiss the claims against Schmaltz *without* prejudice. Plaintiffs point to the *Ricca* and *Moriera* cases as illustrating the legal uncertainty surrounding the application of the affidavit of merit statute. They also claim that NYMAGIC's motion to dismiss operated as a "time out" for the case, pointing to the fact that no discovery or conferences have been scheduled. They argue that taken in combination, these facts show extraordinary circumstances. Though dismissal with prejudice is a harsh remedy, Plaintiffs' interpretation of the law and the current state of the case are not "extraordinary circumstances" such that this Court would have discretion to dismiss without prejudice. *See, e.g.*, *Hyman Zamft and Manard, L.L.C. v. Cornell*, 707 A.2d 1068, 1071 (N.J. Super. A.D. 1998) (lack of care, circumspection, or diligence on part of counsel are not considered extraordinary circumstances and do not excuse missing filing deadline).

### C.  The Affidavit of Merit Statute Only Applies to Some of Schmaltz's Claims

Plaintiffs argue that even if the Court were to find that the statute applied to some of Plaintiffs' claims against Schmaltz, the Court should not dismiss Plaintiffs' claims which do not sound in malpractice. While Plaintiffs are correct that not all of their claims against Schmaltz should be dismissed, the applicability of the affidavit of merit statute does not turn on how causes of action are titled. The New Jersey Supreme Court provided the operative analysis for determining when

the statute applies:

> "[W]hen presented with a tort or contract claim asserted against a professional specified in the statute, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts *should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession*. If such proof is required, an affidavit of merit is required for that claim."

*Couri v. Gardner*, 801 A.2d 1134, 1141 (N.J. 2002) (emphasis added). Application of this standard by various courts is instructive. *See, e.g.*, *id.* at 1142 (no affidavit needed for claim for breach of contract against expert witness who disseminated expert report prepared for trial to persons other than plaintiff who hired witness); *Boerger v. Commerce Ins. Serv.*, 2005 WL 2901903, at *3-4 (D.N.J. Nov. 1, 2005) (no affidavit needed for claims for breach of contract and negligence against insurance broker where theory of case was that broker told plaintiff he procured one policy but actually procured a different policy that provided coverage of smaller damage amount). The most instructive for the present claims is *Greenblatt v. Kissel*, where a state appellate court held that a claim based on an insurance agent's failure to properly notify his customers of a pending cancellation of a procured insurance policy did not require the filing of an affidavit of merit. 2005 WL 3747582, at *2-3 (N.J. Super. A.D. Feb. 9, 2006).

Plaintiffs plead five nominally distinct causes of action against Schmaltz: (1) negligence/malpractice, (2) breach of fiduciary duty; (3) breach of voluntary undertaking; (4) breach of contract; and (5) negligent misrepresentation. But each of these causes of action alleges the same two claims against Schmaltz: first, that she failed to properly notify or failed to ensure that NYMAGIC received notice of the claims against the excess policy; and second, that she failed to procure an insurance policy that met the Plaintiffs' needs.

The first of these claims is one for which proof of a deviation from a professional standard of care may not be needed because a jury would not need such proof to determine that Schmaltz said she would notify the insurers and then failed to do so. *See Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 499-500 (N.J. 2001) (discussing common knowledge exception); *Greenblatt*, 2005 WL 3747582, at *2-3.

The second of these claims is one for which proof of a deviation from a professional standard of care *is* needed. Plaintiffs admit they were relying on Schmaltz's expertise in choosing insurance policies, and regardless of the alleged source of Schmaltz's duty, the underlying claim is that Schmaltz deviated from the standard of care typical of insurance brokers by procuring an inadequate or otherwise faulty excess insurance policy. Jurors, using ordinary understanding and

experience, would not be able to determine whether Schmaltz breached her duty without the benefit of expert testimony. *Cf. Hubbard*, 774 A.2d at 500-501 (holding that pulling of wrong tooth is negligent as matter of common knowledge).

## III.    Conclusion

The Court will therefore grant the motion in part and deny in part and will dismiss with prejudice any of Plaintiffs' claims that rely on evidence that Schmaltz deviated from a professional standard of care. This Court will dismiss the part of each Count that relies on Schmaltz's second claim of liability, and will dismiss Count II of the Complaint in its entirety.

An appropriate order follows.


  /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**